
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JACKSON, | No. 12-17179 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-00448-FJM |
| v. | |
| RANDY TRACY, Acting Chief Administrator, Gila River Indian Community Department of Rehabilitation and Supervision and GILA RIVER INDIAN COMMUNITY COURT, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted November 5, 2013
San Francisco, California

Before: REINHARDT and WATFORD, Circuit Judges, and LASNIK, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert S. Lasnik, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

**1.** The Indian Civil Rights Act (ICRA) guarantees a criminal defendant's right "at his own expense to have the assistance of counsel for his defense." 25 U.S.C. § 1302(a)(6). We need not decide whether this provision guarantees the right to *effective* assistance of retained counsel, because Jackson did not retain counsel. Nor did he accept the offer of free counsel from the Gila River Indian Community Defense Services Office. He instead hired a lay tribal advocate, who was not admitted to the bar of any State. The plain meaning of the term "counsel" as used in the ICRA is "licensed attorney." *See Wheat v. United States*, 486 U.S. 153, 159 (1988). The ICRA does not protect a criminal defendant's right to the effective assistance of a tribal advocate who is not admitted to the bar.

**2.** For the same reason, we need not decide whether the ICRA's guarantee of the right to due process, 25 U.S.C. § 1302(a)(8), sets minimum constitutional standards for effective representation by attorneys. *Cf. Brubaker v. Dickson*, 310 F.2d 30, 37 (9th Cir. 1962). Even if those standards apply here, they govern only the conduct of licensed attorneys, not lay tribal advocates.

**AFFIRMED.**